UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

XEROX CORPORATION,

                                Plaintiff,

                                                                            Case # 15-CV-6245-FPG

v.

                                                                            DECISION AND ORDER

SOUTHWEST DIRECT, INC.,
PHILLIP W. GAGE, and
KATHLEEN W. GAGE,

                                Defendants.

Plaintiff Xerox Corporation brings this action against Southwest Direct, Inc., Phillip W. Gage and Kathleen W. Gage, alleging that the Defendants breached the parties' agreement regarding leased printing equipment. ECF No. 1. On October 8, 2015, the Clerk of Court entered Judgment by default against Southwest Direct, Inc., in the amount of $765,266.92. ECF No. 11. On November 6, 2015, the Plaintiff moved for summary judgment against the remaining Defendants, Phillip W. Gage and Kathleen W. Gage, who are proceeding *pro se* in this matter. ECF No. 12. No response has been filed to the Motion.

Procedurally, the Court is precluded from reaching the merits of the Motion. It is well settled that when a party opposing a summary judgment motion is proceeding *pro se*, the movant is required to include what is commonly referred to as an *Irby* Notice with their moving papers. The Plaintiff failed to do that in this case. In *Irby v. New York Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001), the Second Circuit reminded parties and district courts "of the necessity that *pro se* litigants have actual notice, provided in an accessible manner, of the consequences of the *pro se* litigant's failure to comply with the requirements of [Federal Rule of Civil Procedure] 56."

As the Second Circuit stated:

> Rule 56 requires that an adverse party may not rest upon the mere allegations or denials of the pleading, but rather the response, by affidavits or other documentary evidence as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Since it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits, she must file her own affidavits contradicting his opponent's if she wants to preserve factual issues for trial, either the district court or the moving party is to supply the *pro se* litigant with notice of the requirements of Rule 56. *See McPherson v. Coombe*, 174 F.3d 276, 280-81 (2d Cir. 1999) (citation and quotation marks omitted) … In the absence of such notice or a clear understanding by the *pro se* litigant of the consequences of failing to comply with Rule 56, vacatur of the summary judgment is virtually automatic.

*Irby*, 262 F.3d at 414 (internal alterations and quotation marks omitted).

Rule 56(b) of the Local Rules of Civil Procedure for the Western District of New York implements the Second Circuit's decision in *Irby*, and requires that:

> Any party moving for summary judgment against a *pro se* litigant shall file and serve with the motion papers a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment" in the form provided by the Court. Failure to file and serve the form notice *shall* result in denial of the motion, without prejudice to proper renewal (emphasis added).

Making this notification is easy to accomplish, in that the Clerk's Office has a form notice available on their public website for litigants to utilize. Because the Plaintiff did not provide any such notice in this case, both *Irby* and Local Rule 56(b) require that the Motion for Summary Judgment be denied.

CONCLUSION

Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED WITHOUT PREJUDICE. Should the Plaintiff choose to file a properly supported motion for summary judgment that complies with this Court's Rules and the Second Circuit's decision in *Irby*, such motion must be filed by February 5, 2016.

IT IS SO ORDERED.

DATED:  January 7, 2016
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Judge