UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

XEROX CORPORATION,

                                      Plaintiff,

                                                                                  Case # 15-CV-06245-FPG

v.

                                                                                   DECISION AND ORDER

SOUTHWEST DIRECT, INC.,
PHILLIP W. GAGE, and
KATHLEEN W. GAGE,

                                      Defendants.

## INTRODUCTION

Plaintiff Xerox Corporation ("Xerox" or "Plaintiff") brought this action on April 24, 2015 against Southwest Direct, Inc. ("Southwest Direct"), Phillip W. Gage ("Mr. Gage"), and Kathleen W. Gage ("Ms. Gage"). ECF No. 1. Xerox alleges that Southwest Direct materially breached and defaulted under a maintenance agreement and an equipment finance lease agreement related to printing equipment that Xerox leased to Southwest Direct. *Id.* Xerox also alleges that Mr. Gage and Ms. Gage (collectively, the "Defendants") materially breached and defaulted as Guarantors for Southwest Direct under personal and continuing guaranty agreements (the "Guaranty Agreements") made with Xerox. *Id.*

The Guaranty Agreements individually signed by Mr. Gage and Ms. Gage are identical and state that each Defendant, as a guarantor, "unconditionally guarantees to Xerox payment at maturity or by acceleration of all Obligations that [Southwest Direct] owes to Xerox, now and in the future." ECF No. 1-1.

On October 8, 2015, this Court entered default judgment (the "Judgment") against Southwest Direct in the amount of $756,266.92. ECF No. 11. Shortly thereafter, Xerox moved

1

for summary judgment against the Defendants, who are acting *pro se*, on the claim that Mr. Gage and Ms. Gage materially breached and defaulted on the Guaranty Agreements by not paying any of the damages awarded to Xerox from the Judgment. ECF No. 14-4. The Defendants have not filed a response in opposition to the Plaintiff's Motion for Summary Judgment (the "Motion"). For the reasons stated below, Plaintiff's Motion is granted.

## DISCUSSION

### I. Summary Judgment

Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a fact is determined by the substantive law and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When reviewing a motion for summary judgment, the court must resolve genuinely disputed facts in favor of the non-moving party and must view inferences to be drawn from the facts in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The submissions of a *pro se* litigant are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009). Additionally, the Second Circuit emphasizes the "necessity that *pro se* litigants have actual notice . . . of the consequences of the *pro se* litigant's failure to comply with the requirements of Rule 56." *Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001). Consistent with the rule from *Irby*, Local Rule 56(b) of the Local Rules of Civil Procedure for the Western

2

District of New York requires that any party moving for summary judgment against a *pro se* litigant must file a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment." Local R. Civ. P. 56(b).

Proceeding *pro se*, however, does not relieve a litigant from the usual requirements of summary judgment. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011). Local Rule 56(a)(1) requires a party moving for summary judgment to provide a short and concise statement (the "Rule 56 Statement"), in numbered paragraphs, of the material facts that the moving party contends there is no genuine issue to be tried. Local R. Civ. P. 56(a)(1). Likewise, a party opposing summary judgment must provide a response to the moving party's statement of material facts, otherwise "[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local R. Civ. P. 56(a)(2).

"Where the movant's papers give the opposing party easily comprehensible notice of the possible consequences of not responding to the motion, and the party does not respond, the court may consider as undisputed the facts set forth in the moving party's affidavits." *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104, 109 (W.D.N.Y. 1998). Even if the non-moving party does not respond to a summary judgment motion, the motion may be properly granted "only if the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks omitted).

## II. The Material Facts are Undisputed

In this case, the Plaintiff re-filed and re-served[1] its Motion for Summary Judgment against the *pro se* Defendants on January 8, 2016, which incorporated a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment" to alert the Defendants to the procedural requirements of summary judgment motions and the consequences of not responding. ECF No. 14. Furthermore, this Court's Scheduling Order from January 12, 2016 also warned the Defendants of the consequences of not responding to the Plaintiff's Motion. ECF No. 15. Pursuant to the Local Rules of Civil Procedure, the Plaintiff filed its Rule 56 Statement of material facts along with its Motion. ECF No. 14-4.

Despite these warnings, the Defendants have failed to file an opposing statement contesting the facts presented by the Plaintiff or otherwise to respond to the Plaintiff's Motion for Summary Judgment. Therefore, this Court accepts the Plaintiff's Rule 56 Statement as the undisputed facts of this case. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (accepting as true the material facts contained in the moving party's statement of facts because the non-moving party failed to file a response). Those undisputed facts establish the following:

1. The Defendants, Mr. Gage and Ms. Gage, individually executed personal and continuing Guaranty Agreements related to the extension of credit by Xerox to Southwest Direct. ECF No. 14-4, ¶¶ 1-2.

2. Pursuant to the Guaranty Agreements, Mr. Gage and Ms. Gage agreed to furnish security in the form of a "revolving and continuous" guaranty of payment of any and all then-existing and future obligations owed by Southwest Direct to Xerox. *Id.* at ¶¶ 3, 6.

---

[1] Plaintiff's prior Motion for Summary Judgment, ECF No. 12, was denied without prejudice because Plaintiff did not comply with Local R. Civ. P. 56(b).


3. Pursuant to the Guaranty Agreements, Mr. Gage and Ms. Gage "unconditionally guarantee[d]" to Xerox payment at maturity or by acceleration of all obligations that Southwest Direct owes to Xerox at any time, whether existing at the time of executing the Guaranty Agreements or incurred in the future. Mr. Gage and Ms. Gage also agreed to pay to Xerox reasonable attorney's fees and all costs and expenses incurred in collecting payments from Southwest Direct or in enforcing the Guaranty Agreements. *Id.* at ¶¶ 4-5; ECF No. 14-2.

4. Xerox commenced the present litigation in April 2015 seeking damages from Southwest Direct's breach and default on its payment obligations to Xerox related to a May 21, 2007 maintenance agreement and a July 24, 2008 finance lease agreement. *Id.* at ¶ 7.

5. Default judgment was entered against Southwest Direct on October 8, 2015, awarding Xerox damages of $756,266.92. *Id.* at ¶ 8.

6.  Neither Southwest Direct, Mr. Gage, nor Ms. Gage has paid Xerox any portion of the $756,266.92 in damages awarded from the Judgment. *Id.* at ¶ 9.

7. Xerox has incurred and continues to incur costs, expenses, and attorney's fees in connection with this action in the amount of $4,882.00 and neither Mr. Gage nor Ms. Gage has paid any portion of this amount incurred in connection with this litigation. *Id.* at ¶¶ 10-11.

8. Pursuant to the individual Guaranty Agreements, Mr. Gage and Ms. Gage are obligated to pay Xerox $761,148.92, which includes:

    a. $756,266.92 in damages awarded from the Default Judgment entered against Southwest Direct on October 8, 2015; and

b.  $4,882.00 in costs, expenses, and attorney's fees incurred by Xerox in connection with this litigation. *Id.* at ¶¶ 12-13.

### III. Liability under the Guaranty Agreements

Plaintiff argues that the undisputed facts entitle it to summary judgment on Counts III and IV of the Complaint, which alleged that Mr. Gage and Ms. Gage, respectively, breached their Guaranty Agreements and are therefore jointly and severally liable to Xerox in the amount of $761,148.92. ECF No. 14-5, at 3. The Court agrees.

A guaranty under New York law[2] is "the promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a third person who is liable in the first instance . . . . It is an obligation to answer for the debt of another." *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000) (internal quotation marks omitted). Thus, a guaranty agreement is a contract and it is interpreted according to the "ordinary principles of contract construction." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 493 (2015). Also, the New York Court of Appeals has acknowledged that absolute and unconditional guaranties "have been consistently upheld by New York Courts." *Cooperative Centrale*, 25 N.Y.3d at 493. In ruling on a motion for summary judgment, a court may interpret guaranty agreements as a matter of law when the intent of the parties contained within the language of the guaranty is clear, unambiguous, and conveys a definite meaning. *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 316 (2d Cir. 2006).

On a motion for summary judgment to enforce a guaranty, the creditor needs to prove (1) the existence of the guaranty, (2) the underlying debt or obligation, and (3) the guarantor's failure to perform under the guaranty. *Cooperative Centrale*, 25 N.Y.3d at 492. Thereafter, the

---

[2] The Guaranty Agreements contain New York choice-of-law provisions and it is undisputed that New York law applies to this case. ECF No. 14-5.

burden shifts to the opposing party to raise, through admissible evidence, triable issues with respect to the facts. *Id.*

Here, it is undisputed that both Mr. Gage and Ms. Gage individually executed unconditional guaranty agreements to Xerox guaranteeing payment of all obligations incurred by Southwest Direct and owed to Xerox, both now and in the future. ECF No. 14-2, at 78, 80. The Guaranty Agreements signed by the defendants are identical with respect to the terms of the agreements. *Id.* Furthermore, the language used in the Guaranty Agreements is clear and unambiguous and explicitly states that the Defendants agreed to "unconditionally guarantee[] to Xerox payment at maturity or by acceleration of all Obligations that [Defendants] owe[] to Xerox, now and in the future." *Id.*

It is also undisputed that there is an underlying obligation owed by Southwest Direct to Xerox because of the default judgment that was entered against Southwest Direct on October 8, 2015. In *Cooperative Centrale*, the Court of Appeals of New York affirmed a motion for summary judgment enforcing a guaranty agreement where the underlying obligation was established from a default judgment. 25 N.Y.3d at 495. The Judgment in the amount of $756,266.92 against Southwest Direct is a current and continuing obligation that Southwest Direct owes to Xerox. ECF No. 11.

Finally, it is undisputed that neither Southwest Direct, Mr. Gage, nor Ms. Gage has paid any portion of the damages awarded from the default judgment or costs incurred from this litigation. ECF No. 14-4, ¶ 9. This establishes the final element that the Defendants have failed to perform under the Guaranty Agreements.

Because the material facts in this case are undisputed and those undisputed facts entitle Plaintiff to judgment as a matter of law on the claim that Mr. Gage and Ms. Gage are liable to Xerox under the Guaranty Agreements, Plaintiff's Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment (ECF No. 14) is GRANTED and the Clerk of the Court is directed to enter judgment in favor of Xerox Corporation against Phillip W. Gage and Kathleen W. Gage in the amount of $761,148.92 ($756,266.92 in damages and $4,882.00 in costs and attorney fees), and to close this case.

IT IS SO ORDERED.

Dated: July ___, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court